UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| DEBORAH VIGEANT, RHONDA WOOD, ELIZABETH MILLANE, DOUGLAS ECKELBECKER, AMANDA ECKELBECKER, RODNEY UTING, and LAWRENCE ANDERSON, and all other individuals similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>MICHAEL MEEK, PAUL HARMEL, P. ROBERT LARSON, DONALD GOLDFUS, JOHN ANDERSON, BRUCE NICHOLSON, BERNIE ALRICH, TED KOENECKE, GLENN ELO, NEWPORT TRUST COMPANY, and LIFETOUCH INC.,<br><br>     Defendants. | Case No.: 0:18-cv-00577-JNE-TNL |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT NEWPORT TRUST COMPANY'S
<u>MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT</u>**

Gabrielle Gould (admitted *pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 335-3333
ggould@goodwinlaw.com

James O. Fleckner (admitted *pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
jfleckner@goodwinlaw.com

David L. Hashmall (#138162)
FELHABER LARSON
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
Telephone: (612) 339-6321
Facsimile: (612) 338-0535
dhashmall@felhaber.com

*Attorneys for Defendant Newport Trust Company*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 3

    I.    Plaintiffs' Brief Confirms the Absence of Subject Matter Jurisdiction. ........ 3

    II.   Plaintiffs' Brief Confirms that Dismissal Under Rule 12(b)(6) Is Appropriate. ................................................................................................... 8

    III.  Plaintiffs' Inability to State a Viable Claim Against Newport Trust Warrants a Dismissal with Prejudice. ........................................................... 9

CONCLUSION ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beaulieu v. Ludeman*,
  Civil No. 07-1535, 2008 U.S. Dist LEXIS 119324
  (Dist. Minn. Feb. 7, 2008) ........................................................................................... 5

*Brown v. Medtronic, Inc.*,
  619 F. Supp. 2d 646 (D. Minn. 2009) .......................................................................... 5

*Cooper v. Minnesota Dep't Human Servs.*,
  Civil No. 15-2682 (JRT/JSM), 2016 WL 4179867
  (D. Minn. Aug. 8, 2016) .............................................................................................. 9

*Corbett v. Bank of Am., N.A.*,
  Civil No. 13-928 (MJD/JSM),
  2014 WL 538775 (D. Minn. Feb. 11, 2014) ................................................................ 8

*Disability Support All.v. Geller Family Ltd. P'ship*,
  160 F. Supp. 3d 1133 (D. Minn. 2016) ........................................................................ 4

*Dunnigan v. Fed. Home Loan Mortg. Corp.*,
  184 F. Supp. 3d 726 (D. Minn. 2016) .......................................................................... 5

*Erickson v. AmeriCold Logistics, LLC*,
  311 F. Supp. 3d 1073 (D. Minn. 2018) ........................................................................ 6

*Hillesheim v. Buzz Salons LLC*,
  Case No. 16-cv-2225, 2017 WL 3172870 (D. Minn. June 19, 2017) .......................... 4

*Kasden v. DeRungs*,
  Civil No. 05-1448, 2006 WL 1662904 (D. Minn. June 13, 2006) ............................... 4

*Khoja v. Orexigen Therapeutics, Inc.*,
  No. 16-56069, 2018 U.S. App. LEXIS 22371 (9th Cir. Aug. 13, 2018) ...................... 5

*Krieger v. Summit Mortg. Corp.*,
  No. CIV. 12-2522 (SRN/JJG),
  2013 WL 1149536 (D. Minn. Mar. 1, 2013) ............................................................... 8

*Mendota Elec., Inc. v. Fair Contracting Found.*,
  144 F. Supp. 3d 1053, 1058 (D. Minn. 2015) .............................................................. 9

*Rasmusson v. Chisago Cty.*,
  991 F. Supp. 2d 1065 (D. Minn. 2014) .................................................................. 8

*In re Target Corp. Sec. Litig.*,
  275 F. Supp. 3d 1063 (D. Minn. 2017) .................................................................. 9

*W. Nebraska Res. Council v. Wyoming Fuel Co.*,
  641 F. Supp. 128 (D. Neb. 1986) .......................................................................... 3

*Warth v. Seldin*,
  422 U.S. 490 (1975) .............................................................................................. 5

**Other Authorities**

Fed. Rule Civ. P. 12(b)(1) ............................................................................... 1, 2, 4, 5

Fed. Rule Civ. P. 12(b)(6) ............................................................................... 1, 3, 5, 8

Defendant Newport Trust[1] respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss Plaintiffs' Amended Class Action Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiffs' opposition brief confirms the absence of any cognizable claim against Newport Trust. Plaintiffs readily concede that the 2017 annual valuation of Lifetouch at $56 per share approved by Newport Trust's predecessor Evercore "appeared to value Lifetouch stock accurately." (Opp. at 3.)[2] Relying on the accuracy of that valuation, Plaintiffs argue that Newport Trust acted imprudently and caused harm to Lifetouch ESOP participants by approving the sale of Lifetouch to Shutterfly for a price below $56 per share. (Opp. at 4.) However, as demonstrated in Newport Trust's moving papers, Plaintiffs' assertions regarding the Shutterfly acquisition price being "only $825 million" (*id.*) are without any basis in fact. The total acquisition price Shutterfly agreed to pay exceeds this figure, and, as of June 15, 2018, the total price that Shutterfly had already paid pursuant to its agreement was $963 million, or $56.01 per share. (Glasgow Decl. ¶ 21.)

Rather than even attempt to refute Newport Trust's showing that subject matter jurisdiction is lacking in this case because Lifetouch ESOP participants like Plaintiffs

---

[1] Capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Memorandum of Law in Support of Defendant Newport Trust Company's Motion to Dismiss the Amended Class Action Complaint. (ECF No. 52.)

[2] The abbreviation "Opp." refers to Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss the Amended Class Action Complaint. (ECF No. 72.)

suffered no injury as a result of Newport Trust's approval of the Shutterfly sale in 2018 at precisely the value that Plaintiffs concede was accurate, Plaintiffs alternately ignore Newport Trust's showing in its entirety, or misstate the law and distort the documentary record in an attempt to persuade the Court to ignore it.

Of course, Plaintiffs' mechanical repetition of the phrases "$825 million purchase price" and "17% drop in value" (Opp. at 4, 22) does not imbue them with truth. Indeed, Plaintiffs' claims regarding the Shutterfly acquisition price are meaningless absent some factual, or at least well-pleaded, support. But here, everything – including the information Plaintiffs received from Lifetouch in advance of the filing of their Amended Complaint (*see* Glasgow Decl. Ex. 5), and Plaintiffs' own admission that the $825 million reported price did not include "cash and cash equivalents" that were part of the agreed price and would be subsequently calculated (Opp. at 4) – refutes those claims.

Perhaps for this reason, much of Plaintiffs' opposition is devoted to arguing that Newport Trust's reliance on materials outside of the Amended Complaint to demonstrate the falsity of a key jurisdictional allegation is improper. (Opp. at 5, 6, 19, 21.) But under the law, the consideration of such materials is entirely appropriate on a factual challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiffs also argue that adjudication of the subject matter jurisdiction issue should be deferred until after discovery. (*See id*. at 19.) This too is contrary to the law, which does not permit resolution of the threshold question of subject matter jurisdiction to be postponed once a valid challenge is raised. Finally, in a last-ditch effort to avoid a Rule 12(b)(1) dismissal, Plaintiffs claim that internal inconsistencies in the Glasgow Declaration and its

exhibits make those materials unreliable. As demonstrated below, these supposed inconsistencies – much like Plaintiffs' claim of injury – are not grounded in fact.

Plaintiffs do not even address Newport Trust's argument for dismissal under Rule 12(b)(6) for failure to allege a plausible breach of fiduciary duty claim, leaving that argument unrefuted.

Grasping at straws, Plaintiffs finally argue that the Court should not dismiss their claims with prejudice on the basis of "new" information contained in Shutterfly's Form 8-K (which elsewhere in their brief Plaintiffs urge this Court to ignore). (*Compare* Opp. at 19-20 *with id.* at 25-26.) The supposed new information in no way undermines the propriety or accuracy of the 2017 valuation, or the propriety of Newport Trust's approval of the Shutterfly sale. Accordingly, any amendment on the basis of the Shutterfly Form 8-K would be futile and dismissal with prejudice is warranted.

## ARGUMENT

I. **Plaintiffs' Brief Confirms the Absence of Subject Matter Jurisdiction.**

In response to Newport Trust's showing that Plaintiffs cannot demonstrate a concrete injury caused by Newport Trust sufficient to establish subject matter jurisdiction, Plaintiffs never once affirmatively argue that the valuation implicated by the Shutterfly purchase set forth in Newport Trust's moving papers is incorrect. Their failure to do so is not only telling, it is also fatal to their claims. Where, as here, "a motion to dismiss for lack of subject matter jurisdiction is supported by affidavits" a plaintiff is required to "set forth specific facts showing the court has jurisdiction" in response. *W. Nebraska Res. Council v. Wyoming Fuel Co.*, 641 F. Supp. 128, 132 (D. Neb. 1986); *see*

3

*Kasden v. DeRungs*, Civil No. 05-1448 (RHK/RLE), 2006 WL 1662904, at *2 (D. Minn. June 13, 2006) (quotations omitted) (where "allegations of jurisdictional facts are challenged" a plaintiff must "support them by competent proof"). Because Plaintiffs' only "proof" of the Shutterfly sales price consists of their own mischaracterization of that price, Plaintiffs have failed to satisfy their burden to establish constitutional standing.

Plaintiffs also wrongly assert that the evidence proffered by Newport Trust cannot properly be considered on a motion to dismiss. (Opp. at 5.) Where, as here, a defendant raises a "factual attack" on a plaintiff's assertion of jurisdiction, consideration of material outside the four corners of the complaint is entirely appropriate and warranted. As this Court has recently explained, in a case that Plaintiffs chose not to address in their opposition:

> A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of [Rule] 12(b)(6) safeguards.

*Disability Support All. v. Geller Family Ltd. P'ship*, 160 F. Supp. 3d 1133, 1136 (D. Minn. 2016) (Ericksen, J.) (internal quotations and citations omitted); *see also Hillesheim v. Buzz Salons LLC*, Case No. 16-cv-2225 (MJD/TNL), 2017 WL 3172870, at *2 (D. Minn. June 19, 2017), *report and recommendation adopted,* Case No. 16-cv-2225, 2017 WL 3172751 (D. Minn. July 25, 2017) (analysis of Rule 12(b)(1) factual attack "may properly take into account matters outside the pleadings without converting the motion

4

into one for summary judgment"); *Brown v. Medtronic, Inc.*, 619 F. Supp. 2d 646, 649 (D. Minn. 2009), *aff'd,* 628 F.3d 451 (8th Cir. 2010) ("In a factual challenge to jurisdiction, the court may consider matters outside the pleadings.").[3] Plaintiffs' contention that there is a procedural bar to this Court's consideration of the Glasgow Declaration and its accompanying exhibits is, therefore, entirely contrary to law.[4]

Plaintiffs also suggest that it would be improper for the Court to credit Mr. Glasgow's declaration on this motion because Plaintiffs have not had the opportunity to depose Mr. Glasgow or take discovery of Shutterfly. (Opp. at 5, 19.) Again, Plaintiffs misstate the law. As is well-established, subject matter jurisdiction is a "threshold question in every federal case" and once raised on a motion to dismiss, it must be determined to the Court's satisfaction before a case can proceed. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Contrary to Plaintiffs' assertion, the law affords this Court no

---

[3] To the extent that they address Rule 12(b)(1) challenges to subject matter jurisdiction at all (and most do not) the cases cited on pages 21 and 22 of Plaintiffs' opposition brief discuss the review standards applicable to *facial* challenges, not factual challenges like the one raised by Newport Trust. *See Beaulieu v. Ludeman*, Civil No. 07-1535 (JRT/JSM), 2008 U.S. Dist. LEXIS 119324, at *12 (Dist. Minn. Feb. 7, 2008) ("Defendants have made a facial challenge to the Court's authority to consider claims for damages against defendants for actions taken in their official capacities."); *see also Khoja v. Orexigen Therapeutics, Inc.*, No. 16-56069, 2018 U.S. App. LEXIS 22371, at *27 (9th Cir. Aug. 13, 2018) (evaluating motion to dismiss under Rule 12(b)(6)); *Dunnigan v. Fed. Home Loan Mortg. Corp.*, 184 F. Supp. 3d 726, 734-35 (D. Minn. 2016) (same).

[4] Plaintiffs go to great lengths to argue that the Court should deny a supposed request from Newport Trust to take judicial notice of the excerpt from Shutterfly's Form 8-K attached to the Glasgow Declaration. (*See* Opp. 5, 19.) Having made no such request in its opening brief, Newport Trust will not respond to those arguments here. As set forth above, because Newport Trust has raised a factual challenge to Plaintiffs' assertion of jurisdiction, the Court can consider materials outside the four corners of the Amended Complaint.

5

discretion to defer dismissal when faced with a clear showing that subject matter jurisdiction is lacking. *See, e.g.*, *Erickson v. AmeriCold Logistics, LLC*, 311 F. Supp. 3d 1073, 1076 (D. Minn. 2018) (where plaintiff lacks constitutional standing Court "must dismiss the case").

Instead of squarely addressing Mr. Glasgow's statement that the total purchase price paid by Shutterfly as of June 15, 2018 was $56.01 – *i.e.,* a price entirely consistent with the 2017 valuation Plaintiffs endorse – Plaintiffs instead claim that Mr. Glasgow's sworn declaration is "dubious." (Opp. at 21.)  Their only proof is a manufactured inconsistency between Mr. Glasgow's statement that the total sales price actually paid for the acquisition as of June 15, 2018 was $963 million and his statement that, as of April 2, 2018, Shutterfly estimated that the price for the acquisition would exceed $983 million. (Opp. at 21.)  But when the actual words Mr. Glasgow uses are taken into account, the supposed inconsistency between these statements is exposed as a fiction.  The former statement addresses the actual amount Shutterfly paid to acquire Lifetouch as of June 15, 2018. (Glasgow Decl. ¶ 22.)  The latter statement paraphrases Shutterfly's estimate, as of April 2, 2018, that the total purchase consideration for the Lifetouch acquisition would be over $983 million.  (*Id.* ¶ 21 & Ex. 6.)  Not only is there no conflict between these two statements, but the fact that Shutterfly estimated a higher all-in purchase price than it had *actually paid* by June 15, 2018 is entirely consistent with Mr. Glasgow's statement that certain adjustments to the Shutterfly acquisition that could increase the total amount paid remained outstanding on June 15, 2018. (Glasgow Decl. ¶¶ 21, 22.)

Plaintiffs employ similar tactics in an effort to avoid the implications of Shutterfly's $983 million estimate. According to Plaintiffs, Shutterfly's publicly filed amendment to its Form 8-K, which contained that estimate, "cannot simply be accepted at face value, especially with[out] the benefit of discovery" because two exhibits to Shutterfly's original Form 8-K filing report different estimates generated by Lifetouch for the value of Lifetouch stock at different times. (Opp. at 20.) But there is no actual inconsistency in these estimates; one exhibit reports the estimated value of Lifetouch shares as $63 in August 2017, *before* the completion of the 2017 annual valuation on September 29, 2017 (Glasgow Decl. ¶ 10) and another exhibit reports the estimated value of Lifetouch shares as $56 in December 2017, *after* the annual valuation was complete. By definition, estimates are approximations, not exact measurements.[5] Accordingly, the difference in estimated values between the two exhibits is simply the natural consequence of generating value estimates at different times when different information was available.

In sum, Plaintiffs have utterly failed to sustain their burden to show a concrete injury stemming from Newport Trust's approval of the Lifetouch sale. The price of Lifetouch stock that Shutterfly agreed to pay was at least $56.00 – the value for Lifetouch stock that Plaintiffs endorse as appropriate. Plaintiffs' case against Newport Trust should therefore be dismissed for lack of subject matter jurisdiction.[6]

---

[5] As defined by the Oxford English Dictionary, the verb to "estimate" means to "form an approximate notion of (the amount, number, magnitude, or position of anything) without actual enumeration or measurement." Online Oxford English Dictionary, available at http://www.oed.com/view/Entry/64582?rskey=jYQpT3&result=3#eid.

[6] Plaintiffs' alternate theory that Evercore somehow knew when preparing the 2017 annual valuation "that the Company's value was going to decline even more to make it

7

## II. Plaintiffs' Brief Confirms that Dismissal Under Rule 12(b)(6) Is Appropriate.

Dismissal under Rule 12(b)(6) is appropriate in light of Plaintiffs' failure to address the alternate ground for dismissal set forth in Newport Trust's moving papers – the implausibility of their duty-of-prudence claim. *See Corbett v. Bank of Am., N.A.*, Civil No. 13-928 (MJD/JSM), 2014 WL 538775, at *10 (D. Minn. Feb. 11, 2014), *aff'd*, 578 F. App'x 607 (8th Cir. 2014) (treating "plaintiff's lack of opposition as a concession that the claim cannot succeed and should be dismissed"); *Rasmusson v. Chisago Cty.*, 991 F. Supp. 2d 1065, 1077 (D. Minn. 2014) (finding "Court could dismiss Count IV on th[e] basis" that "Plaintiff has failed to address" arguments made in support of dismissal); *Krieger v. Summit Mortg. Corp.,* No. CIV. 12-2522 (SRN/JJG), 2013 WL 1149536, at *4 (D. Minn. Mar. 1, 2013), *report and recommendation adopted,* No. CIV. 12-2522 SRN/JJG, 2013 WL 1149777 (D. Minn. Mar. 19, 2013) (finding "dismissal based on the failure to address" Rule 12(b)(6) arguments "would be appropriate").

As set forth in Defendants' moving papers, Plaintiffs' claim that Newport Trust acted imprudently by failing to take a variety of actions that would have likely derailed the ongoing efforts to sell Lifetouch to a third party does not state a plausible cause of action: the claim simply defies logic and common sense. (*See* ECF No. 52 at 16-20.)[7]

---

attractive for acquisition" and therefore overvalued the Lifetouch shares (Opp. at 18), which even they concede is "less likely," is also entirely undercut by the fact that there was no real "disparity" between the 2017 annual valuation and the value implicated by the Shutterfly sale in 2018 as Plaintiffs claim (*id.*).

[7]  Newport Trust's Rule 12(b)(6) dismissal arguments were based solely on the allegations of the Amended Complaint and did not ask the Court to consider any material outside of those allegations.

8

Indeed, it is only by *refraining* from acting in the manner Plaintiffs have suggested that Newport Trust could have upheld its fiduciary obligations to Plaintiffs and facilitated the sale to Shutterfly that benefitted them. (*Id.*)

### III. Plaintiffs' Inability to State a Viable Claim Against Newport Trust Warrants a Dismissal With Prejudice.

Plaintiffs' argument that they should be allowed to have a third bite at the apple and once again replead their claims against Newport Trust (Opp. 24-26) should be rejected.[8] *See Mendota Elec., Inc. v. Fair Contracting Found.*, 144 F. Supp. 3d 1053, 1058 (D. Minn. 2015) (rejecting request to file second amended complaint stating "court will not allow [plaintiff] a third bite at the apple"). As a threshold matter, this "Court has discretion to deny informal requests for leave to amend unaccompanied by proposed amendments." *In re Target Corp. Sec. Litig.*, 275 F. Supp. 3d 1063, 1093 (D. Minn. 2017) (Ericksen, J.), *reconsideration denied,* No. 16-CV-1315 (JNE/BRT), 2018 WL 1378755 (D. Minn. Mar. 19, 2018). Denial of Plaintiffs' informal request here is warranted because, as explained above, the Shutterfly Form 8-K that they seek to rely on in a third operative complaint does not contradict or undermine the 2017 valuation of Lifetouch at $56 per share. Accordingly, any amendment of Plaintiffs' duty-of-prudence claim against Newport Trust on the basis of Shutterfly's Form 8-K would be futile. A dismissal with prejudice is thus entirely appropriate. *See, e.g.*, *Cooper v. Minnesota Dep't Human Servs.*, Civil No. 15-2682 (JRT/JSM), 2016 WL 4179867, at *2 (D. Minn.

---

[8] Curiously, Plaintiffs base their argument on the contents of the Shutterfly Form 8-K, the amendment to which they ask the Court to ignore for purposes of Newport Trust's subject matter jurisdiction arguments. (*Compare* Opp. at 19-20 *with id.* at 24-26.)

9

Aug. 8, 2016) ("dismissal with prejudice is appropriate because the Court cannot conceive of any facts under which [plaintiff] would be entitled to relief and re-pleading would be futile").

## CONCLUSION

For the foregoing reasons and those set forth in its opening brief, Newport Trust respectfully requests that, as to Newport Trust, the Amended Complaint be dismissed with prejudice in its entirety.

Dated:  September 7, 2018

**GOODWIN PROCTER LLP**

By:  */s/ Gabrielle Gould*
Gabrielle Gould (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 335-3333
ggould@goodwinlaw.com

**GOODWIN PROCTER LLP**
James O. Fleckner (admitted *pro hac vice*)
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
jfleckner@goodwinlaw.com

**FELHABER LARSON**
David L. Hashmall (#138162)
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
Telephone: (612) 339-6321
Facsimile: (612) 338-0535
dhashmall@felhaber.com

*Attorneys for Defendant Newport Trust Company*